UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY ANN NAWROCKI,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 17-CV-00035-PP

JON SANFILIPPO,

    Defendant.

**DECISION AND ORDER DISMISSING COMPLAINT (DKT. NO. 1) AND DENYING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PAYING THE FILING FEE (DKT. NO. 2)**

    Plaintiff Mary Ann Nawrocki filed a complaint against Jon Sanfillippo, clerk of court at the United States District Court for the Eastern District of Wisconsin. Dkt. No. 1. The complaint alleges that Sanfilippo (whom the plaintiff appears to believe is a clerk for Judge J. P. Stadtmueller, one of the judges in the Eastern District) dismissed a case that she had filed. Id. at 2. She explains in detail the claims she raised in that complaint. Id. at 2-8. She alleges that she had a preliminary hearing in front of Judge Stadtmueller on October 18, 2016, at which time she asked to speak to Judge Stadtmueller personally. Id. at 5, 9. After the hearing was over, the plaintiff says, she asked someone in the courtroom if Judge Stadtmueller would be hearing any other cases that day. Id. at 9. At this point, she says, Sanfilippo came over to her, and she asked him the same question. She indicated that she wanted to speak with Judge Stadtmueller, and that if she couldn't speak with him that day, she would

1

come back another day. Id. She indicates that Sanfilippo seemed reluctant to answer her question about when Judge Stadtmueller would next be holding hearings, and he asked the plaintiff her name. Id. When she answered, Sanfilippo seemed to know her. Id. Sanfilippo told the plaintiff that she could not speak with Judge Stadmtueller at that time, told her to put her question in writing, and became upset with her when she asked him questions. Id. The plaintiff alleges that on that same day, after she had the hearing with Judge Stadtmueller, Sanfilippo himself dismissed her claims. Id. at 5, 8. She alleges that Sanfilippo dismissed her claims by falsely stating that her disability brief and appeal were late, when they were not. Id. at 8.

The plaintiff indicates that she had five previous cases reviewed and dismissed by Judge Stadtmueller. (The plaintiff is correct: Judge Stadtmueller presided over Nawrocki v. Target Corporation Stores, Case No. 16-cv-198, dismissed on May 13, 2016; Nawrocki v. Commissioner of the Social Security Administration, Case No. 16-cv-275, dismissed on October 18, 2016; Nawrocki v. Marx, Case No. 16-cv-936, dismissed on July 26, 2016; Nawrocki v. Rindfleisch, Case No. 16-cv-1266, dismissed on September 30, 2016; and Nawrocki v. Brown Deer Public Library, *et al.*, Case No. 16-cv-1267, dismissed on September 30, 2016.) Consequently, the plaintiff requested a new judge for this current case. Dkt. No. 1 at 14. She also asks this court: (1) to review her Social Security claim again and to grant it, id. at 6; (2) to review all of the

motions she submitted;[1] id. at 14, and (3) to admonish and fire Jon Sanfilippo because she alleges that he saw her at Judge Stadtmueller's hearing on October 18, 2016 and dismissed her cases because she asked him questions. Id. at 14-15.

There is no relief that this court can provide to the plaintiff. The court has reviewed the case that the plaintiff had before Judge Stadtmueller in October 2016, Mary Ann Nawrocki v. Commissioner of the Social Security Administration, 16-cv-275. She is correct that the case was dismissed. But it was not Jon Sanfilippo who dismissed the case—it was Judge Stadtmueller. The dismissal order appears at Dkt. No. 17. It is signed by J.P. Stadtmueller, U.S. District Judge. Id. at 2. Judge Stadtmueller said in the order that he dismissed the plaintiff's case because she did not file her opening brief by the deadline he set. Id. at 1. Only a federal judge can dismiss a federal case. Jon Sanfilippo is not a federal judge; he does not have the authority to dismiss cases.

This court does not have the power to reverse Judge Stadtmueller's order dismissing the case, or to review the Social Security claim that he dismissed. Under 28 U.S.C. §1291, only the Seventh Circuit Court of Appeals has the authority to reverse a decision made by a district court judge such as Judge Stadtmueller. The docket in the case shows that the plaintiff did not appeal Judge Stadtmueller's order to the Seventh Circuit.

---

[1] The plaintiff did not attach any motions to her complaint, so the court must assume she wants it to review all of the motions she submitted to Judge Stadtmueller.

Jon Sanfilippo is not employed by Judge Stadtmueller. Jon Sanfilippo is the clerk of court for the Eastern District of Wisconsin; he is the administrator in charge of the clerk's office. He was not appointed by Judge Stadtmueller; he was appointed by all of the district court judges on the court. No single judge, including the undersigned, can fire Mr. Sanfilippo. He can be fired only if all of the district court judges agree that he should be fired.

Even taking the plaintiff's allegations about what happened on October 18, 2016 as true, Mr. Sanfilippo did not do anything that would cause the judges of the Eastern District to fire him. As the court indicated above, Mr. Sanfilippo did not dismiss the plaintiff's case. Assuming Mr. Sanfilippo told the plaintiff that she could not speak with Judge Stadtmueller, he was correct. Canon 3 of the Code of Conduct for United States Judges prohibits judges from having "ex parte" communications with parties. An "ex parte" communication happens when the judge talks to, or hears from, one party to the case without having the other party present. Assuming Mr. Sanfilippo told the plaintiff to put her request to speak to Judge Stadtmueller in writing, that was the appropriate thing for him to have done. If a party makes a request in writing, the clerk puts that request on the docket, and then all of the parties to the case can see it (avoiding an ex parte contact).

Finally, federal courts decide cases involving violations of federal laws, or cases between citizens of different states. The plaintiff and Mr. Sanfilippo are not citizens of different states, and none of the actions that the plaintiff alleges that Mr. Sanfilippo took violated either federal laws or the federal Constitution.

4

If the allegations in a complaint have "no possibility of the court having authority to provide relief to the plaintiff," then the case does not belong in federal court. Carter v. Homeward Residential, Inc., 794 F.3d 806, 807 (7th Cir. 2015)(citations omitted). The court must dismiss the plaintiff's case.

The court notes that the plaintiff also filed a Non-Prisoner Request to Proceed in District Court Without Paying the Filing Fee. Dkt. No. 2. Because the court cannot allow the plaintiff to proceed in district court, the court will deny the plaintiff's request as moot.

The court **ORDERS** that this complaint is **DISMISSED** for lack of subject matter jurisdiction. Dkt. No. 1. The court **DIRECTS** the clerk to enter a judgment dismissing the complaint.

The court further **ORDERS** that the plaintiff's motion for leave to proceed without prepayment of the filing fee is **DENIED** as moot. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 13th day of February, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge